UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KIMBERLY MOORHAUS,

       Plaintiff,                              Hon. Ellen S. Carmody

v.                                              Case No. 1:15-CV-234

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. On June 2, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #11).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons articulated herein, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 51 years of age on her alleged disability onset date. (PageID.206 ).  She successfully completed high school and worked previously as a manager and retail support specialist. (PageID.101).  Plaintiff applied for benefits on July 27, 2012, alleging that she had been disabled since June 29, 2012, due to depression, anxiety, hypertension, pinched sciatic nerve in lower back, drop foot syndrome, and alcoholism.  (PageID.206-07, 219).  Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  (PageID.155-204).  On October 30, 2013, Plaintiff appeared before ALJ Oksana Xenos with testimony being offered by Plaintiff and a vocational expert. (PageID.107-38).  In a written decision dated December 12, 2013, the ALJ determined that Plaintiff was not disabled.  (PageID.91-102).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (PageID.22-26).  Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) depression; (2) anxiety; (3) status post left femur ORIF; and (4) hypertension, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.93-95). As for Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she is limited to simple, repetitive self-paced work with occasional contact with the general public, coworkers, and supervisors, and minimal changes in work setting; (2) she cannot climb ladders, ropes, or scaffolds; (3) she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs; (4) she cannot operate foot/leg controls with her left lower extremity; and (5) she requires an assistive device for ambulating distances greater than 20 yards. (PageID.95).

The ALJ found that Plaintiff cannot perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely

question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 4,000 jobs in southeast Michigan, and approximately 245,000 jobs nationwide, which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.132-36). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.        **The Treating Physician Doctrine**

On April 23, 2013, Dr. Surjit Mahal and Dr. Suresh Kumar each completed a Medical Questionnaire regarding Plaintiff's impairments and functional limitations. (PageID.548-49, 551-52). Both doctors concluded that Plaintiff was unable to work a "full-time job." The ALJ, however, afforded only "limited weight" to these opinions. (PageID.98). Plaintiff argues that she is entitled to relief because the ALJ's rationale for discounting the opinions of her treating physicians is not supported by substantial evidence.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-

supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with

other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

The statements by Dr. Mahal and Dr. Kumar do not articulate the extent to which Plaintiff can function despite her limitations, but instead simply conclude that Plaintiff cannot perform full-time work. To the extent that the doctors concluded that Plaintiff is "disabled," such opinions are entitled to no weight because whether Plaintiff is disabled is a matter left to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). To the extent that the doctors' statements are interpreted as asserting that there exists no set of restrictions or limitations that would permit Plaintiff to work on a full-time basis, such is not supported by the record. Accordingly, the ALJ properly discounted the opinions in question.

**II.     Listing of Impairments**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Section 1.03 of the Listing is applicable where a claimant suffers "reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively." The ALJ concluded that Plaintiff's impairments failed to satisfy the requirements of any impairment identified in the Listing of Impairments. Plaintiff argues that she is entitled to relief because she satisfies Section 1.03 of the Listing.

Plaintiff bears the burden to demonstrate that she satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002). Plaintiff argues that whether she satisfies this Listing "was the main thrust of the case."

(PageID.625). The Court notes, however, that Plaintiff failed to present this issue to the ALJ either at the administrative hearing or in her brief to the ALJ. (PageID.109-38, 253-54). While Plaintiff now asserts the conclusion that she satisfies the Listing in question, she has failed to satisfy her burden that such is the case. Accordingly, this argument is rejected.

**III.            The ALJ's Credibility Determination is not Supported by Substantial Evidence**

At the administrative hearing, Plaintiff testified that her ability to work was hampered by her back pain and lower extremity impairments. (PageID.118). Specifically, Plaintiff testified that she could not continuously stand for longer than 10 minutes. (PageID.119). With respect to her ability to walk, Plaintiff reported that she could walk "probably two blocks" if she used her walker, but "can't walk at all without it." (PageID.119-20). Plaintiff testified that she could not lift more than 10 pounds. (PageID.120). The ALJ found Plaintiff to be "less than fully credible" and, therefore, afforded little weight to her testimony. Plaintiff asserts that she is entitled to relief because the ALJ's rationale for discounting her testimony is not supported by substantial evidence. The Court agrees.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed.

9

Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must

stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

The ALJ discounted Plaintiff's testimony on the ground that such is not supported by the medical evidence. A September 19, 2011 MRI of Plaintiff's left ankle revealed various abnormalities. (PageID.290-91). Treatment notes dated January 5, 2012, indicate that an "EMG study does show a L5-S1 radiculopathy consistent with a pathology of sciatic nerve involvement, this would account for the foot drop." (PageID.264). On June 27, 2013, Plaintiff underwent surgery to repair a displaced fracture of her left femur. (PageID.555-56). Subsequent treatment notes indicate that Plaintiff was experiencing "a sense of instability with weightbearing" as well as "probable complex regional pain syndrome." (PageID.599). Contrary to the ALJ's conclusion, this evidence is consistent with Plaintiff's subjective allegations. The other rationale cited by the ALJ is similarly unpersuasive.

Plaintiff testified that after being terminated from her job, she received unemployment benefits, a statement which the ALJ found detracted from Plaintiff's credibility. (PageID.100, 117-18). The Court recognizes the apparent contradiction between a claimant seeking disability benefits while simultaneously receiving unemployment compensation. *See, e.g., Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801-02 (6th Cir., July 29, 2000). This circumstance should not, however, assume more significance than is warranted, a position echoed by the Social Security Administration. In August 2010, Frank A. Cristaudo, the Chief Administrative Law Judge for the

11

Social Security Administration, authored a memorandum instructing ALJ's that "the receipt of unemployment benefits does not preclude the receipt of Social Security disability benefits." *Webster v. Colvin*, 2014 WL 4095341 at *9 (E.D. Tenn., Aug. 19, 2014). As Chief ALJ Cristaudo explained, "because the disability decisionmaking process is uncertain and quite lengthy, a claimant should not be forced to choose between applying for unemployment and disability benefits." *Id.* Considering the current backlog at the Social Security Administration, recently found to have "reached the one million mark," this seems like a reasonable observation. *See* The Biggest Government Backlog is Getting Worse, but Social Security has a Plan, available at https://www.washingtonpost.com/news/federal-eye/wp/2015/10/19/the-biggest-government-backlog-is-getting-worse-watchdog-says-but-social-security-has-a-plan/ (last visited on March 9, 2016).

As further support for her decision to discredit Plaintiff's testimony, the ALJ stated that she "carefully observed the claimant and notes that the claimant was not in any obvious pain or discomfort when walking in or out of the hearing room or while sitting during the course of the hearing." (PageID.100). This statement reflects application by the ALJ of the "condemned sit and squirm test." *Minor v. Commissioner of Social Security*, 513 Fed. Appx. 417, (6th Cir., Jan. 24, 2013) (an ALJ cannot discredit a claimant's testimony based on her failure to sit and squirm during a hearing). In sum, the ALJ's rationale for discounting Plaintiff's testimony and subjective allegations is not supported by substantial evidence.

**IV.         The ALJ's RFC Determination is not Supported by Substantial Evidence**

As noted above, the ALJ concluded that Plaintiff retained the ability to perform light work subject to certain limitations, one of which was that Plaintiff requires an assistive device for ambulating distances greater than 20 yards. Light work involves lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. Furthermore, work is considered "light" when it involves "a good deal of walking or standing," defined as "approximately 6 hours of an 8-hour workday." 20 C.F.R. § 404.1567.

The Court discerns two shortcomings with the ALJ's RFC determination. First, because the ALJ has failed to articulate a legally sufficient rationale for discounting Plaintiff's testimony, such undermines the ALJ's RFC determination. Second, the ALJ's conclusion that Plaintiff can spend 6 hours daily on her feet working, let alone carry 10-20 pounds while using an assistive device, is contradicted by the evidence discussed above. In sum, the ALJ's RFC determination is not supported by substantial evidence. Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

**IV.         Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health*

*and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013).  This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking."  *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.  Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance.  Moreover, there does not exist compelling evidence that Plaintiff is disabled.  Accordingly, this matter must be remanded for further administrative action.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence.  Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.  A judgment consistent with this opinion will enter.


Date:  March 15, 2016                                          /s/ Ellen S. Carmody
                                                                                    ELLEN S. CARMODY
                                                                                    United States Magistrate Judge